UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Luisa Iglesias De Castro,<br>Maria Irene Castro Iglesias,<br>Maria de la Concepcion Castro Iglesias,<br>and Maria Luisa Castro Iglesias,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Maria Regina Castro, and<br>Pedro Jose Caraballo,<br><br>                    Defendants. | Case No.:  0:18-cv-01449 (DWF/ECW)<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV P. 41(a)(2)** |

Plaintiffs  Maria Luisa Iglesias De Castro, Maria Irene Castro Iglesias, Maria de la Concepcion Castro Iglesias, and Maria Luisa Castro Iglesias ("Plaintiffs") bring this Motion to Voluntarily Dismiss Complaint With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (the "Motion").  In doing so, Plaintiffs respectfully request that the Court dismiss their Complaint in its entirety, thus ending this lawsuit.

## INTRODUCTION

The present litigation is one fraught with history and emotion.  Plaintiffs are a widow and her three daughters who reside in Spain and Venezuela, respectively. Plaintiffs brought claims against Defendants Maria Regina Castro and Pedro Jose Caraballo ("Defendants"), their relatives in the United States, based on allegations that Defendants received improper transfers of money and property associated with a family-owned company.  After nearly three years of litigation, the last year of which has languished due to Defendants' demands that Plaintiffs travel to the United States for their

depositions during a global pandemic, Plaintiffs are mentally, emotionally, and financially exhausted. Accordingly, they are willing to walk away from their claims rather than pursue them further. Defendants, however, refuse to stipulate to a dismissal despite the fact that Plaintiffs seek dismissal <u>with prejudice</u> and Defendants have no counterclaims. Therefore, Plaintiffs have no choice but to bring this motion, asking the Court to dismiss their claims with prejudice and allow this case to end.

## FACTS

Plaintiffs, who consist of an 86-year-old widow in Spain and her three daughters, who reside in Spain and Venezuela, filed their Complaint in this matter on May 25, 2018. [Doc. No. 1] Plaintiffs allege claims against Defendants, who are their relatives, for civil theft, conversion, and unjust enrichment associated with Defendants' improper receipt of funds and property from a company co-owned by the families of Plaintiffs and Defendants. [*Id.*] On July 10, 2018, Defendants filed a Motion to Dismiss, which was heard before the Court on September 21, 2018. [Doc. No. 10] On November 16, 2018, the Court denied Defendants' Motion to Dismiss in its entirety. [Doc. No. 28]

Beginning in early 2019, the parties engaged in written discovery, which was interrupted by numerous disputes regarding Defendants' attempts to blanket designate tens-of-thousands of pages of documents "Attorneys' Eyes Only." (Declaration of Gerald H. Fornwald ("Fornwald Decl.") ¶ 2). On October 10, 2019, following multiple informal dispute resolution conferences on the topic, Magistrate Judge Cowan Wright ordered Defendants to produce their bank records in a manner that one designated Plaintiff could review. [Doc. No. 50] Plaintiffs designated Maria Irene Castro Iglesias as

2

the individual to review Defendants' bank records. (Fornwald Decl. ¶ 3) In other words, after seventeen months of litigation, *a* Plaintiff was finally able to review discovery in support of Plaintiffs' case. Unfortunately, circumstances beyond this case would soon interfere with Plaintiffs' ability to pursue their claims.

In early 2020, the husband of Maria Irene Castro Iglesias took his own life, citing the present litigation as one of the factors for doing so. (Fornwald Decl. ¶ 4) Shortly thereafter, the COVID-19 pandemic put the world in a state of shutdown. (*Id.* ¶ 5) Nevertheless, for the duration of 2020, and into 2021, Defendants insisted on deposing Plaintiffs in-person in Minnesota, which was rendered virtually impossible as a result of Plaintiffs' inability to travel internationally during the global pandemic. (*Id.*) Accordingly, this case came to a virtual stand-still for approximately one year. (*Id.*)

At the same time, Plaintiffs and Defendants have been involved in a disagreement regarding the liquidation of jointly owned property in Spain. (*Id.* ¶ 6) Plaintiffs' inability to liquidate that property without Defendants' consent has placed increasing strain on their finances and their ability to fund this litigation. (*Id.*) At the same time, Plaintiff Maria Luisa Iglesias De Castro, an 86-year-old, has continued to experience failing health. (*Id.* ¶ 7)

On January 20, 2021, Magistrate Judge Cowan Wright entered an Order lifting the requirement that the three Plaintiff-sisters travel to the United States for their depositions, permitting their depositions to occur by video, and further required that fact discovery be completed by March 31, 2021. [Doc. No. 78] Unfortunately, much had changed for Plaintiffs in the ensuing year, from a health, well-being, and financial standpoint. Simply

3

put, Plaintiffs find themselves unable to continue pursuit of their claims. (*Id.* ¶ 8) Accordingly, on March 3, 2021—the week before six depositions were scheduled to occur in this case—Plaintiffs instructed their counsel to contact Defendants' counsel and seek a stipulation to dismiss all claims in the Complaint. (*Id.* ¶¶ 8-9) Unfortunately, Defendants refused the request, necessitating this motion. (*Id.* ¶ 9)

## ARGUMENT

### I. VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(a)(2) SHOULD BE GRANTED.

After the opposing party has filed an answer or a motion for summary judgment, an action may be voluntarily dismissed under Fed. R. Civ. P. 41(a)(2), only by court order:

> Except as provided in Rule 41(a)(1) [providing dismissal before the opposing party serves either an answer or a motion for summary judgment or by stipulation by the parties], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). It is within the Court's sound discretion to grant a voluntary dismissal and the court will consider certain factors in its determination:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

4

*Basal v. Whelan Sec. Mgmt. Co., Inc.*, No. 12-950, 2013 WL 588248, at *1 (D. Minn. Feb. 13, 2013) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 2001) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Therefore, in order to prevent voluntary dismissal under Rule 41(a)(2), the party opposing voluntary dismissal "must be able to demonstrate some plain legal prejudice flowing to [it] as a result of the dismissal." *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (citation omitted).

"'Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice.'" *Karsjens v. Jesson*, CIV. 11-3659 DWF/JJK, 2015 WL 3755930, at *1 (D. Minn. June 17, 2015) (*quoting Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002)); *Graco, Inc. v. Techtronic Industries N.A., Inc.*, CIV 09-1757 JRT/RLE, 2010 WL 915213, at *4 (D. Minn. Mar. 9, 2010) ("Given the fact that Graco's dismissal, with prejudice, will save the parties, and the Court, significant time and resources, we can envision little cause for discouraging that effort under the circumstances presented here."); *Ampleman v. Trans States Airlines, Inc.*, 204 F.R.D. 437, 439 (E.D. Mo. 2001) (granting plaintiff's motion to voluntarily dismiss claims with prejudice, despite providing no explanation for doing so, because the plaintiff "is in the best position to evaluate where he wishes to allocate his legal resources. It may

5

well strain [plainitff's] resources to force him to trial on an issue he no longer wishes to pursue. The parties have not filed dispositive motions on these claims and the proposed dismissal with prejudice might prevent inefficient use of judicial resources.")

Indeed, where a party seeks dismissal of its own claims <u>with prejudice</u>, which is the ultimate condition to place on a request for dismissal, such dismissal should always be granted. "Where, as here, a plaintiff's Rule 41(a)(2) motion 'specifically request[s] dismissal with prejudice, it has been held that the district court must grant that request.'" *Harsell v. Virginia Motor Lodges, Inc.*, 7:17-CV-00389, 2018 WL 2172506, at *1 (W.D. Va. May 10, 2018) (*quoting* 9 *Charles Alan Wright et al., Federal Practice & Procedure* § 2367 at 551 (3d ed. 2008); *C-Tech Corp. v. Aversion Technologies*, 2012 WL 3962508, *2 (D. Md. 2012) (same). "Indeed, that Plaintiff seeks 'dismissal with prejudice is of paramount importance' because a voluntary dismissal with prejudice under Rule 41(a)(2) operates as 'a complete adjudication on the merits of the dismissed claim.'" *Metro Media Ent., LLC v. Steinruck*, 2014 WL 4268838, at *2 (D. Md. Aug. 27, 2014) (quoting *F.D.I.C. v. Becker*, 166 F.R.D. 14, 15 (D.Md.1996) and *Harrison v. Edison Bros. Apparel Stores Inc.*, 924 F.2d 530, 534 (4th Cir.1991)).

Plaintiffs' request to voluntarily dismiss their Complaint should be granted by this Court. First, Plaintiffs have presented a proper explanation for their desire to dismiss their claims. The present litigation has been incredibly taxing on Plaintiffs, from an emotional, health, and financial stand-point. This case has been ongoing for nearly three years, but it has largely languished since early 2020, due in large part to the global COVID-19 pandemic. (Fornwald Decl. ¶ 5) During that time, Defendants insisted that

6

three of the four Defendants attend their depositions in-person in the United States—a virtual impossibility given global circumstances in 2020-2021. (*Id.*) In that same timeframe, Plaintiff Maria Irene Castro Iglesias' husband committed suicide, and attributed one of the reasons for doing so to the stress of this dispute. (*Id.* at ¶ 4) In the ensuing year, Plaintiff Maria Luisa Iglesias De Castro, who is 86 years old, has continued to experience failing health. (*Id.* at ¶ 7) And at the same time, the parties to this case have been embroiled in a disagreement regarding Plaintiffs' ability to liquidate jointly-owned property in Spain which has compromised their ability to fund this lawsuit. (*Id.* at ¶ 6) As a result, Plaintiffs are exhausted. They are mentally exhausted, physically exhausted, and their finances are exhausted. Ultimately, they believe pursing these claims in the United States, while they reside in Spain and Venezuela, respectively, will cause them more harm than the financial reward they would receive from it is worth. (*Id.* at ¶ 8)

Second, dismissal of this case will not result in a waste of judicial time and effort—indeed, quite the opposite. Plaintiffs are attempting to dismiss their claims with prejudice, meaning they will not bring these claims again. Accordingly, the parties will be spared the cost of ongoing discovery, and this Court will be spared the investment of time and resources associated with motion practice, a settlement conference, and trial. Simply put, the only way judicial time could possibly be wasted is if Plaintiffs are not allowed to dismiss their Complaint.

Finally, granting this motion will certainly not prejudice Defendants in any way. Indeed, Plaintiffs notified Defendants of their intent to dismiss their claims the week

7

before both parties were scheduled to embark on a week of depositions and considerable cost. Moreover, Defendants have no counterclaims and no other motions of any kind are pending. Accordingly, dismissal of this matter can only benefit Defendants, who will not have to face litigation regarding these matters in the United States again.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion and dismiss Plaintiffs' Complaint in its entirety, with prejudice and without any other condition.

Dated: March 5, 2021     WINTHROP & WEINSTINE, P.A.

           *s/Gerald H. Fornwald*
           Gerald H. Fornwald (#345647)
           225 South Sixth Street, Suite 3500
           Minneapolis, MN 55402
           T 612.604.6400 | F 612.604.6800
           gfornwald@winthrop.com

           *Attorneys for Plaintiffs*

21356394v1